MARC J. GROSS, ESQ.(MG/2648)
THOMAS A. WALDMAN, ESQ.(TW/7147)
**GREENBAUM, ROWE, SMITH & DAVIS LLP**
75 Livingston Avenue, Suite 301
Roseland, New Jersey 07068
973/535-1600
973/535-1698 (Fax)
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| ADAM W. JACOBS,<br><br>     Plaintiff,<br><br>v.<br><br>MARC BOGATIN, ESQ., BARBARA MEITNER a/k/a BARBARA BOGATIN f/k/a BARBARA FREEMAN, GL SHLOOFIE, LLC a/k/a GO SHLOOFIE, LLC and BARBARA FREEMAN BOGATIN, INC.<br><br>     Defendants. | Civil Action #<br> 2:13-cv-6631 FSH/JBC<br><br><br>**CIVIL ACTION**<br><br><br>**FIRST AMENDED COMPLAINT** |

  Plaintiff, Adam W. Jacobs, by way of this First Amended Complaint against defendants, Barbara Meitner a/k/a Barbara Bogatin, f/k/a Barbara Freeman, Marc Bogatin, Esq., GL Shloofie, LLC a/k/a Go Shloofie, LLC and Barbara Freeman Bogatin, Inc., says the following:

**THE PARTIES**

  1. Plaintiff, Adam W. Jacobs ("Jacobs"), is an individual, residing at 128 Greenwood Avenue, Swampscott, MA 01907.

2737644.1

2. Defendant, Marc Bogatin, Esq. ("Bogatin"), is an individual, residing with co-defendant, Barbara Meitner, as her husband at 400 East 55th Street, Apt. #4B, New York, NY

3. Defendant, Barbara Meitner a/k/a Barbara Bogatin, f/k/a Barbara Freeman ("Meitner"), is an individual, residing at 400 East 55th Street, Apt. #4B, New York, NY. Meitner is a managing member of co-defendant, Go Shloofie, LLC. Meitner conducts business in New York, South Hackensack, New Jersey and Florida.

4. Defendant, GL Shloofie, LLC a/k/a Go Shloofie, LLC ("GSL") is a New York limited liability company, formed in or about September 2004, and which conducts business in New York, South Hackensack, New Jersey and Florida. GSL is in the business of creating and sourcing certain textile goods at wholesale for further sale to certain retail customers.

5. Defendant, Barbara Freeman Bogatin, Inc., ("BFB, Inc.") a New York corporation, maintains its principal office at 400 East 55th St., Apt. 4B, New York, NY, and conducts business in New York, New Jersey and Florida. BFB, Inc., is owned and/or operated by defendants, Meitner and Bogatin, and utilized so as to siphon off certain assets of GSL.

**FACTS TO ALL COUNTS**

6. In or about September 2004, Jacobs and Meitner formed GSL for purposes of pursuing opportunities in the retail business of certain textile goods.

7. Jacobs served as the primary source of seed and start up capital, business consulting and contacts, and Meitner served as the business point person and managing member.

8. In furtherance of their understanding to pursue the business of GSL, Jacobs and Meitner entered into an Operating Agreement, dated September 28, 2004, where they, among

2

other items, agreed to their respective shares in GSL, with Meitner owning a 55% interest and Jacobs obtaining a 45% in GSL.

9. In addition to rights, duties and obligations set forth in their Operating Agreement, Meitner and Jacobs also entered into a Letter Agreement on September 28, 2004, memorializing their understanding as to salary, consulting fees, among other issues.

10. During the course of pursuing their business in GSL, Meitner and Jacobs performed in accordance with their written agreements and GSL became a profitable venture, making distributions, in addition to the payment of salary and consulting fees, to both Meitner and Jacobs.

11. Throughout the course of their dealings, Meitner controlled all of the books and records of GSL, and managed the day-to-day functions of its business.

12. Jacobs relied upon Meitner as a fiduciary in the performance of her duties with respect to carrying out the business of GSL in an appropriate and fair manner with respect to Jacobs and his interest.

13. Unfortunately, in or about March 2010, and unbeknownst to Jacobs, Meitner purchased a life insurance policy or other annuity with the expenses of such policy and/or annuity to be incurred by GSL.

14. Meitner failed to inform Jacobs of this "perk" and diverted cash that would otherwise be available for distributions towards payment of Meitner's policy.

15. Thereafter, Jacobs observed that his distributions from GSL had been reduced without explanation.

2737644.1

16. Although Jacobs made demand upon Meitner, and entered into a dialog with Bogatin to obtain a full accounting, defendants failed and refused to comply with Jacobs' requests.

17. Indeed, to the extent Jacobs was afforded any financial documentation, such documentation was in such disarray that it was impossible to follow the business transactions for which Meitner had booked certain entries. Indeed, from the absence of adequate record keeping and the failure to provide financial and other business information it seemed that Meitner had engaged in and was engaging in mismanagement of GSL.

18. Worse still, Meitner and Bogatin made clear that they would be freezing out Jacobs from GSL without any remuneration and without lawful justification.

19. Towards this end, after the close of the 2011 fiscal year, in early 2012, when Jacobs received his 2011 K-1, it was marked "final", thereby confirming that defendants had, in fact, unlawfully removed Jacobs as a member of GSL.

20. As of the date of this filing, defendants have failed to make required payments to Jacobs, including distributions, have set forth an inaccurate capital account balance upon Jacobs' K-1, failed to provide an accounting or financial statements of GSL for 2010 and 2011 and failed to explain various misreported or unrecorded transactions.

21. Additionally, Meitner and Bogatin are presently operating the business of GSL through BFB, Inc., and have wrongfully transferred and/or have siphoned and continue to siphon assets and opportunities belonging to GSL away from GSL and to BFB, Inc.

22. Jacobs now brings this action so as to enforce his rights as a member of GSL, to obtain damages from the defendants, and an accounting, among other relief.

4

## FIRST COUNT

23. Jacobs repeats and reiterates the allegations contained in ¶¶1-22 as if set forth herein at length.

24. Notwithstanding the promises in the Operating Agreement and the Letter Agreement, Meitner breached those agreements by failing and/or causing GSL to fail to make certain payments and/or distributions to Jacobs, by committing willful and intentional acts so as to freeze Jacobs out of GSL, by disbursing assets and making distributions to herself in excess of her 55% share and by otherwise transferring assets and/or interests in GSL to BFB, Inc. and/or to Bogatin.

25. As a direct and proximate result of Meitner's breach of the Operating Agreement and Letter Agreement, Jacobs has suffered and continues to suffer irreparable harm and damages.

**WHEREFORE**, plaintiff, Adam W. Jacobs, demands judgment against defendant, Barbara Meitner a/k/a Barbara Bogatin f/k/a Barbara Freeman, as follows:

   a. Permanently enjoining and restraining Meitner from disbursing funds, transferring, disposing, concealing or hypothecating any property, assets and/or shares in GSL, BFB, Inc., or any other entity to which she has engaged such transfers;

   b. For declaratory judgment declaring Meitner to have breached the Operating Agreement and Letter Agreement;

   c. For the entry of an Order compelling Meitner and/or GSL to purchase Jacobs' interest in GSL at fair value and sur-charge Meitner for her acts of oppression;

   d. For an accounting, requiring defendants to account for the assets, revenue, profits, disbursements, expenses and any and all other books and records of GSL from 2008 through the present;

2737644.1

    e.    For a permanent injunction, restraining defendants and any other entity in which they maintain an interest from diverting assets and/or opportunities of GSL to any other entity;

    f.    For compensatory and consequential damages, for interest and costs of suit; and

    g.    For such other and further relief as the Court may deem equitable and just.

## SECOND COUNT

26. Jacobs repeats and reiterates the allegations contained in the First Count as if set forth herein at length.

27. Meitner breached her contractual obligations of good faith and fair dealing by willfully, wantonly and intentionally breaching the Operating Agreement and Letter Agreement and by otherwise misappropriating the assets of GSL.

28. As a direct and proximate result of Meitner's breach of the implied covenant of good faith and fair dealing, Jacobs has suffered and continues to suffer irreparable harm and damages.

**WHEREFORE**, plaintiff, Adam W. Jacobs, demands judgment against defendant, Barbara Meitner as follows:

    a.    Permanently enjoining and restraining Meitner from disbursing funds, transferring, disposing, concealing or hypothecating any property, assets and/or shares in GSL, BFB, Inc. or any other entity to which she has engaged such transfers;

    b.    For declaratory judgment declaring Meitner to have breached the Operating Agreement and Letter Agreement;

    c.    For the entry of an Order compelling Meitner and/or GSL to purchase Jacobs' interest in GSL at fair value and sur-charge Meitner for her acts of oppression;

    d.    For an accounting, requiring defendants to account for the assets, revenue, profits, disbursements, expenses and any and all other books and records of GSL from 2008 through the present;

    e.    For a permanent injunction, restraining defendants and any other entity in which they maintain an interest from diverting assets and/or opportunities of GSL to any other entity;

    f.    For compensatory and consequential damages, for interest and costs of suit; and

    g.    For such other and further relief as the Court may deem equitable and just.

### THIRD COUNT

29. Jacobs repeats and reiterates the allegations contained in the First and Second Counts as if set forth herein at length.

30. At relevant times material hereto, Meitner represented to Jacobs that she had a present intention to carry out the business of GSL in good faith and to make appropriate distributions to Jacobs.

31. Meitner knew or should have known that her representations were false when made.

32. Jacobs relied upon the foregoing representations by continuing to invest in GSL and by continuing his relationship with Meitner.

33. As a direct and proximate result of the misrepresentations by Meitner, as set forth above, Jacobs has suffered and continues to suffer irreparable harm and damages.

**WHEREFORE**, plaintiff, Adam W. Jacobs, demands judgment against defendant, Barbara Meitner and Marc Bogatin as follows:

    a.    Permanently enjoining and restraining Meitner from disbursing funds, transferring, disposing, concealing or hypothecating any property, assets

      and/or shares in GSL, BFB, Inc., or any other entity to which she has engaged such transfers;

b.    For declaratory judgment declaring Meitner to have breached the Operating Agreement and Letter Agreement;

c.    For the entry of an Order compelling Meitner and/or GSL to purchase Jacobs' interest in GSL at fair value and sur-charge Meitner for her acts of oppression;

d.    For an accounting, requiring defendants to account for the assets, revenue, profits, disbursements, expenses and any and all other books and records of GSL from 2008 through the present;

e.    For a permanent injunction, restraining defendants and any other entity in which they maintain an interest from diverting assets and/or opportunities of GSL to any other entity;

f.    For compensatory, punitive and consequential damages, for interest and costs of suit; and

g.    For such other and further relief as the Court may deem equitable and just.

## FOURTH COUNT

34.    Jacobs repeats and reiterates the allegations contained in the First through Third Counts as if set forth herein at length.

35.    Meitner and Jacobs had a special and fiduciary relationship in light of their shared ownership interest in GSL.

36.    Based upon that special relationship, Jacobs relied upon certain negligent misrepresentations by Meitner, as set forth above.

37.    As a direct and proximate result of Meitner's negligent misrepresentations, Jacobs has suffered and continues to suffer irreparable harm and damages.

**WHEREFORE**, plaintiff, Adam W. Jacobs, demands judgment against defendant, Barbara Meitner as follows:

8

    a.    Permanently enjoining and restraining Meitner from disbursing funds, transferring, disposing, concealing or hypothecating any property, assets and/or shares in GSL, BFB, Inc., or any other entity to which she has engaged such transfers;

    b.    For declaratory judgment declaring Meitner to have breached the Operating Agreement and Letter Agreement;

    c.    For the entry of an Order compelling Meitner and/or GSL to purchase Jacobs' interest in GSL at fair value and sur-charge Meitner for her acts of oppression;

    d.    For an accounting, requiring defendants to account for the assets, revenue, profits, disbursements, expenses and any and all other books and records of GSL from 2008 through the present;

    e.    For a permanent injunction, restraining defendants and any other entity in which they maintain an interest from diverting assets and/or opportunities of GSL to any other entity;

    f.    For compensatory and consequential damages, for interest and costs of suit; and

    g.    For such other and further relief as the Court may deem equitable and just.

## FIFTH COUNT

38. Jacobs repeats and reiterates the allegations contained in the First through Fourth Counts as if set forth herein at length.

39. In light of the Operating Agreement and Letter Agreement, among other things, Meitner owes and owed Jacobs a duty of faithfully, loyally, diligently, prudently and honestly conducting her business affairs with respect to GSL, and as a fiduciary, was bound to act toward and deal with Jacobs with the utmost fidelity, loyalty, care and good faith.

40. By virtue of the foregoing allegations, Meitner has intentionally and willfully breached her fiduciary duty to Jacobs.

41. As a direct and proximate result of Meitner's breach of fiduciary duty, Jacobs has suffered and continues to suffer irreparable harm and damages.

**WHEREFORE**, plaintiff, Adam W. Jacobs, demands judgment against defendant, Barbara Meitner as follows:

    a.    Permanently enjoining and restraining Meitner from disbursing funds, transferring, disposing, concealing or hypothecating any property, assets and/or shares in GSL, BFB, Inc., or any other entity to which she has engaged such transfers;

    b.    For declaratory judgment declaring Meitner to have breached the Operating Agreement and Letter Agreement;

    c.    For the entry of an Order compelling Meitner and/or GSL to purchase Jacobs' interest in GSL at fair value and sur-charge Meitner for her acts of oppression;

    d.    For an accounting, requiring defendants to account for the assets, revenue, profits, disbursements, expenses and any and all other books and records of GSL from 2008 through the present;

    e.    For a permanent injunction, restraining defendants and any other entity in which they maintain an interest from diverting assets and/or opportunities of GSL to any other entity;

    f.    For compensatory and consequential damages, for interest and costs of suit; and

    g.    For such other and further relief as the Court may deem equitable and just.

## SIXTH COUNT

42. Jacobs repeats and reiterates the allegations contained in the First through Fifth Counts as if set forth herein at length.

43. In light of the Operating Agreement and Letter Agreement, among other things, Meitner owes and owed Jacobs a duty of loyalty.

44. By virtue of the allegations contained herein, including but not limited to, providing services to BFB, Inc. or otherwise diverting assets and/or opportunities belonging to GSL from GSL to BFB, Inc., Meitner has intentionally and willfully breached her duty of loyalty to Jacobs.

45. As a direct and proximate result of Meitner's breach of the duty of loyalty, Jacobs has suffered and continues to suffer irreparable harm and damages.

**WHEREFORE**, plaintiff, Adam W. Jacobs, demands judgment against defendant, Barbara Meitner as follows:

    a. Permanently enjoining and restraining Meitner from disbursing funds, transferring, disposing, concealing or hypothecating any property, assets and/or shares in GSL, BFB, Inc., or any other entity to which she has engaged such transfers;

    b. For declaratory judgment declaring Meitner to have breached the Operating Agreement and Letter Agreement;

    c. For the entry of an Order compelling Meitner and/or GSL to purchase Jacobs' interest in GSL at fair value and sur-charge Meitner for her acts of oppression;

    d. For an accounting, requiring defendants to account for the assets, revenue, profits, disbursements, expenses and any and all other books and records of GSL from 2008 through the present;

    e. For a permanent injunction, restraining defendants and any other entity in which they maintain an interest from diverting assets and/or opportunities of GSL to any other entity;

    f. For compensatory and consequential damages, for interest and costs of suit; and

    g. For such other and further relief as the Court may deem equitable and just.

## SEVENTH COUNT

46. Jacobs repeats and reiterates the allegations contained in the First through Sixth Counts as if set forth herein at length.

47. Bogatin knew or should have known of the Operating Agreement and Letter Agreement, among other agreements among and between Meitner and Jacobs, as well as between Jacobs and GSL.

48. Notwithstanding that knowledge, Bogatin tortiously interfered with the aforesaid agreements and Meitner interfered with agreements between Jacobs and GSL.

49. Defendants' tortious conduct was willful and intentional with malice at the expense of Jacobs.

50. As a direct and proximate result of defendants' willful and intentional interference with contractual relations, Jacobs has suffered and continues to suffer irreparable harm and damages.

**WHEREFORE**, plaintiff, Adam W. Jacobs, demands judgment against defendant, Barbara Meitner and Marc Bogatin, Esq. as follows:

    a. Permanently enjoining and restraining Meitner from disbursing funds, transferring, disposing, concealing or hypothecating any property, assets and/or shares in GSL, BFB, Inc. or any other entity to which she has engaged such transfers;

    b. For declaratory judgment declaring Meitner to have breached the Operating Agreement and Letter Agreement;

    c. For the entry of an Order compelling Meitner and/or GSL to purchase Jacobs' interest in GSL at fair value and sur-charge Meitner for her acts of oppression;

    d. For an accounting, requiring defendants to account for the assets, revenue, profits, disbursements, expenses and any and all other books and records of GSL from 2008 through the present;

  e. For a permanent injunction, restraining defendants and any other entity in which they maintain an interest from diverting assets and/or opportunities of GSL to any other entity;

  f. For compensatory, punitive and consequential damages, for interest and costs of suit; and

  g. For such other and further relief as the Court may deem equitable and just.

## EIGHTH COUNT

51. Jacobs repeats and reiterates the allegations contained in the First through Seventh Counts as if set forth herein at length.

52. By intentionally, willfully and maliciously diverting business opportunities away from Jacobs to Meitner, Bogatin or BFB, Inc., by willfully injuring the business relationship of Jacobs, including his relationship with GSL, Meitner and Bogatin have tortiously interfered with Jacobs prospective economic advantage.

53. Defendants' conduct was willful and intentional with malice at the expense of Jacobs.

54. As a direct and proximate result of Meitner's and Bogatin's tortious interference with Jacobs' prospective economic advantage, Jacobs has suffered and continues to suffer irreparable harm and damages.

**WHEREFORE**, plaintiff, Adam W. Jacobs, demands judgment against defendants, Barbara Meitner, Marc Bogatin, Esq. and BFB, Inc., jointly and severally, as follows:

  a. Permanently enjoining and restraining Meitner from disbursing funds, transferring, disposing, concealing or hypothecating any property, assets and/or shares in GSL, BFB, Inc., or any other entity to which she has engaged such transfers;

  b. For declaratory judgment declaring Meitner to have breached the Operating Agreement and Letter Agreement;

13

2737644.1

    c.    For the entry of an Order compelling Meitner and/or GSL to purchase Jacobs' interest in GSL at fair value and sur-charge Meitner for her acts of oppression;

    d.    For an accounting, requiring defendants to account for the assets, revenue, profits, disbursements, expenses and any and all other books and records of GSL from 2008 through the present;

    e.    For a permanent injunction, restraining defendants and any other entity in which they maintain an interest from diverting assets and/or opportunities of GSL to any other entity;

    f.    For compensatory, punitive and consequential damages, for interest and costs of suit; and

    g.    For such other and further relief as the Court may deem equitable and just.

## NINTH COUNT

55. Jacobs repeats and reiterates the allegations contained in the First through Eighth Counts as if set forth herein at length.

56. By causing and participating in the misappropriation of Jacobs' assets including, but not limited to, his ownership interest in GSL, Meitner, Bogatin and BFB, Inc. have engaged in conversion.

57. As a direct and proximate result of Meitner's and Bogatin's conversion, Jacobs has suffered and continues to suffer irreparable harm and damages.

**WHEREFORE**, plaintiff, Adam W. Jacobs, demands judgment against defendant, Barbara Meitner, Marc Bogatin, Esq. and BFB, Inc., jointly and severally, as follows:

    a.    Permanently enjoining and restraining Meitner from disbursing funds, transferring, disposing, concealing or hypothecating any property, assets and/or shares in GSL, BFB, Inc., or any other entity to which she has engaged such transfers;

    b.    For declaratory judgment declaring Meitner to have breached the Operating Agreement and Letter Agreement;

    c.    For the entry of an Order compelling Meitner and/or GSL to purchase Jacobs' interest in GSL at fair value and sur-charge Meitner for her acts of oppression;

    d.    For an accounting, requiring defendants to account for the assets, revenue, profits, disbursements, expenses and any and all other books and records of GSL from 2008 through the present;

    e.    For a permanent injunction, restraining defendants and any other entity in which they maintain an interest from diverting assets and/or opportunities of GSL to any other entity;

    f.    For compensatory, punitive and consequential damages, for interest and costs of suit; and

    g.    For such other and further relief as the Court may deem equitable and just.

## TENTH COUNT

58. Jacobs repeats and reiterates the allegations contained in the First through Ninth Counts as if set forth herein at length.

59. As a direct and proximate result of the foregoing, defendants have been unjustly enriched.

60. As a direct and proximate result of defendants' unjust enrichment, Jacobs has suffered and continues to suffer damages.

**WHEREFORE**, plaintiff, Adam W. Jacobs, demands judgment against defendant, Barbara Meitner, Marc Bogatin, Esq. and BFB, Inc., jointly and severally, as follows:

    a.    Permanently enjoining and restraining Meitner from disbursing funds, transferring, disposing, concealing or hypothecating any property, assets and/or shares in GSL, BFB, Inc., or any other entity to which she has engaged such transfers;

    b.    For declaratory judgment declaring Meitner to have breached the Operating Agreement and Letter Agreement;

15

  c. For the entry of an Order compelling Meitner and/or GSL to purchase Jacobs' interest in GSL at fair value and sur-charge Meitner for her acts of oppression;

  d. For an accounting, requiring defendants to account for the assets, revenue, profits, disbursements, expenses and any and all other books and records of GSL from 2008 through the present;

  e. For a permanent injunction, restraining defendants and any other entity in which they maintain an interest from diverting assets and/or opportunities of GSL to any other entity;

  f. For compensatory and consequential damages, for interest and costs of suit; and

  g. For such other and further relief as the Court may deem equitable and just.

## ELEVENTH COUNT

61. Jacobs repeats and reiterates the allegations contained in the First through Tenth Counts as if set forth herein at length.

62. Meitner, while managing member of or otherwise owning the controlling interest in GSL, interfered with and/or blocked and oppressed Jacobs' rights as a member and/or shareholder of GSL by, among other things: (i) unlawfully freezing out Jacobs from the ongoing operations of GSL; (ii) unlawful terminating Jacobs' interest in GSL; (iii) failing to make distributions in accordance with Jacobs' interest in GSL; and (iv) transferring assets of GSL to BFB, Inc.  All these acts have served to frustrate Jacobs' interest in obtaining the fruits of GSL's business endeavor and have oppressed Jacobs' rights as a shareholder in violation of BCL §1104 and 1104-a.

63. As a direct and proximate result of Meitner's oppression of Jacobs' rights as a member of GSL, in violation of BCL §1104 and 1104-a, Jacobs has suffered and continues to suffer irreparable harm and damages.

**WHEREFORE**, plaintiff, Adam W. Jacobs, demands judgment against defendant, Barbara Meitner as follows:

    a.    Permanently enjoining and restraining Meitner from disbursing funds, transferring, disposing, concealing or hypothecating any property, assets and/or shares in GSL, BFB, Inc., or any other entity to which she has engaged such transfers;

    b.    For declaratory judgment declaring Meitner to have breached the Operating Agreement and Letter Agreement;

    c.    For the entry of an Order compelling Meitner and/or GSL to purchase Jacobs' interest in GSL at fair value and sur-charge Meitner for her acts of oppression;

    d.    For an accounting, requiring defendants to account for the assets, revenue, profits, disbursements, expenses and any and all other books and records of GSL from 2008 through the present;

    e.    For a permanent injunction, restraining defendants and any other entity in which they maintain an interest from diverting assets and/or opportunities of GSL to any other entity;

    f.    For declaratory judgment determining Meitner to be willfully and/or recklessly responsible for the dissipation or transfer of assets of GSL's property without just or adequate compensation to Jacobs therefor;

    g.    For a dissolution of GSL, ordering stock and/or membership valuations to be adjusted, providing for a sur-charge upon Meitner;

    h.    For compensatory and consequential damages, for interest and costs of suit; and

    i.    For such other and further relief as the Court may deem equitable and just.

## TWELFTH COUNT

64. Jacobs repeats and reiterates the allegations contained in the First through Eleventh Counts as if set forth herein at length.

65. By virtue of defendants' control and manipulation of GSL's assets and their participation in the fraudulent conveyance of its assets to BFB, Inc., defendants are liable to

17

Jacobs for their violation of the Uniform Fraudulent Transfer Act, Debt. & Cred. Law §273-276 *et seq.* (the "Act").

66. Indeed, upon information and belief, defendants made certain transfers and conveyances to BFB, Inc. without fair consideration and that: (i) GSL was insolvent at the time of the conveyance or was rendered insolvent; (ii) GSL was, as a result, left with unreasonably small capital to conduct its business; or (iii) as a result of defendants' transfers, defendants believed that they would incur debts beyond their ability to pay.

67. The transactions undertaken, as aforesaid, were perpetrated with actual intent to hinder, delay or defraud Jacobs and/or with actual or constructive knowledge of their fraudulent scheme.

68. As a direct and proximate result of defendants' fraudulent conveyance in violation of the Act, Jacobs has suffered and continues to suffer irreparable harm and damages.

**WHEREFORE**, plaintiff, Adam W. Jacobs, demands judgment against defendant, Barbara Meitner as follows:

   a. Avoiding the fraudulent conveyance of assets of GSL to BFB, Inc.;

   b. Permanently enjoining and restraining Meitner from disbursing funds, transferring, disposing, concealing or hypothecating any property, assets and/or shares in GSL, BFB, Inc., or any other entity to which she has engaged such transfers;

   c. For declaratory judgment declaring Meitner to have breached the Operating Agreement and Letter Agreement;

   d. For the entry of an Order compelling Meitner and/or GSL to purchase Jacobs' interest in GSL at fair value and sur-charge Meitner for her acts of oppression;

   e. For an accounting, requiring defendants to account for the assets, revenue, profits, disbursements, expenses and any and all other books and records of GSL from 2008 through the present;

    f.    For a permanent injunction, restraining defendants and any other entity in which they maintain an interest from diverting assets and/or opportunities of GSL to any other entity and sur-charge Meitner for her acts of oppression;

    g.    For declaratory judgment determining Meitner to be willfully and/or recklessly responsible for the dissipation or transfer of assets of GSL's property without just or adequate compensation to Jacobs therefor;

    h.    For a dissolution of GSL, ordering stock and/or membership valuations to be adjusted, providing for a sur-charge upon Meitner;

    i.    For compensatory and consequential damages, for interest and costs of suit and attorneys' fees; and

    j.    For such other and further relief as the Court may deem equitable and just.

## THIRTEENTH COUNT

69. Jacobs repeats and reiterates the allegations contained in the First through Twelfth Counts as if set forth herein at length.

70. Defendants have misappropriated GSL's assets and improperly used such assets for the benefit of another entity and for their own personal benefit to the detriment of Jacobs.

71. In addition, defendants have transacted and continue to transact business of GSL without Jacobs.

72. As a direct and proximate result of defendants' improper conduct, an immediate accounting of defendants' personal and business (for entity in which defendants have any interest or involvement) books and records is necessary to determine the extent of defendants' misappropriation, embezzlement and/or conversion and transfer of GSL's assets.

**WHEREFORE**, plaintiff, Adam W. Jacobs, demands judgment against defendant, Barbara Meitner, Marc Bogatin, Esq. and BFB, Inc., jointly and severally, as follows:

    a.    Permanently enjoining and restraining Meitner from disbursing funds, transferring, disposing, concealing or hypothecating any property, assets

19

2737644.1

      and/or shares in GSL, BFB, Inc., or any other entity to which she has engaged such transfers;

b.    For declaratory judgment declaring Meitner to have breached the Operating Agreement and Letter Agreement;

c.    For the entry of an Order compelling Meitner and/or GSL to purchase Jacobs' interest in GSL at fair value and sur-charge Meitner for her acts of oppression;

d.    For an accounting, requiring defendants to account for the assets, revenue, profits, disbursements, expenses and any and all other books and records of GSL from 2008 through the present;

e.    For a permanent injunction, restraining defendants and any other entity in which they maintain an interest from diverting assets and/or opportunities of GSL to any other entity;

f.    For declaratory judgment determining Meitner to be willfully and/or recklessly responsible for the dissipation or transfer of assets of GSL's property without just or adequate compensation to Jacobs therefor;

g.    For a dissolution of GSL, ordering stock and/or membership valuations to be adjusted, providing for a sur-charge upon Meitner;

h.    For compensatory and consequential damages, for interest and costs of suit and attorneys' fees; and

i.    For such other and further relief as the Court may deem equitable and just.

      **GREENBAUM, ROWE, SMITH & DAVIS LLP**
      Attorneys for Plaintiff


      By:    <u>/s/Marc J. Gross</u>
               MARC J. GROSS


           <u>/s/Thomas A. Waldman</u>
           THOMAS A. WALDMAN

Dated:  May 5, 2014

2737644.1